# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-2033V

| | |
|---|---|
| THOMAS GOTHERS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br><br>Filed: April 10, 2024 |

*Timothy J. Mason*, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On December 30, 2020, Thomas Gothers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he received an influenza vaccine on October 1, 2019, and thereafter suffered a shoulder injury related to vaccine administration ("SIRVA") as defined by the Vaccine Injury Table. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 15, 2023, I issued Findings of Fact and Conclusions of Law Dismissing Petitioner's Table Claim. *See* ECF No. 46. In the Order, I asked Petitioner to show cause

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

why a causation-in-fact claim, based on the same facts, was *also* likely non-viable. *Id*. at 8. On February 9, 2024,[3] Petitioner filed a Status Report requesting a decision dismissing his petition. ECF No. 53. Petitioner states that "based on the Findings of Fact and Conclusions of Law regarding injury onset, as they stand now, he does not see an off-Table causation-in-fact claim as a viable path forward." *Id*. at 2.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that he suffered an injury that was actually caused by a covered vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). I previously found that Petitioner has not provided preponderant evidence that he suffered a Table Injury. ECF No. 46. In particular, I dismissed the Table claim because the evidence preponderated against a finding of 48-hour onset, with Petitioner obtaining the relevant vaccination on October 1, 2019, but never seeking treatment for shoulder pain until five months post-vaccination (and despite the opportunity at many intervening medical treatment visits to address the issue). ECF No. 46 at 6. And the first instance in which pain was reported identified an onset date of December 2019 – well outside the Table timeframe – with some subsequent records also suggesting a later onset not consistent with the 48-hour requirement. *Id.* at 7.

In dismissing, however, I noted that Petitioner could potentially support a causation-in-fact claim, although he would need to articulate a theory for how a SIRVA-like presentation could occur in longer than the two-day timeframe of the Table. **Cite** Buyt now, and despite due opportunity, Petitioner has opted not to attempt to demonstrate what a meritorious causation-in-fact claim might be under the circumstances, choosing to request an order of dismissal. ECF No. 53. Respondent agrees that "a final decision is appropriate," and requested that I dismiss the petition. ECF No. 54.

For these reasons, **Petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] On September 14, 2023, Petitioner filed a Motion for Review, which was subsequently dismissed for jurisdictional reasons on January 16, 2024. *See* ECF No. 47, 50-52.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.